This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.             **NO. A-1-CA-36257**

**ELAINE ORTEGA,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}  Defendant appeals from the district court's judgment, sentence, and commitment, convicting her following a jury trial for one count each of unlawful taking of a motor vehicle, conspiracy to commit unlawful taking of a motor vehicle, nonresidential burglary, conspiracy to commit nonresidential burglary, larceny, and contributing to the delinquency of a minor. In our first calendar notice, we proposed to summarily affirm. [1 CN 1-7] Defendant then filed a memorandum in opposition to that notice of proposed disposition, as well as a motion to amend her docketing statement to add a double jeopardy claim. [1 MIO 1-5]

{2}  In our second calendar notice, we noted that Defendant had abandoned her first appellate issue—that the district court erred in admitting certain statements where the police officers allegedly did not comply with NMSA 1978, Section 29-1-16 (2005) [2 CN 2-3], and we continued to suggest that the evidence was sufficient to support Defendant's convictions. [2 CN 3-5] Additionally, agreeing with Defendant's double jeopardy claim, we granted Defendant's motion to amend and proposed to remand the case to the district court to vacate one of Defendant's conspiracy convictions and to resentence accordingly. [2 CN 5-8] Defendant's second memorandum in opposition expresses agreement with our proposed disposition on the double jeopardy issue. [2 MIO 1] The State also filed a response indicating that it does not oppose this proposed disposition on the double jeopardy issue. [Resp. 1] Consequently, one of Defendant's

2

conspiracy convictions is reversed on double jeopardy grounds.

{3}     Also in our second calendar notice, addressing Defendant's sufficiency claim, we suggested—as we did in our first calendar notice—that the jury could reasonably infer from the evidence presented at trial that Defendant and her minor daughter conspired to take items, including the Crown Victoria, from 193 El Cerro Loop. [*See* 2 CN 3-5; *see also* 1 CN 3-7] *See State v. Gallegos*, 2011-NMSC-027, ¶ 45, 149 N.M. 704, 254 P.3d 655 (recognizing that conspiracy is a clandestine crime, and a jury may infer the existence of an agreement based on conduct and the surrounding circumstances). This evidence included: Defendant's statement to police placing herself and her daughter in the vicinity of 193 El Cerro Loop; her daughter's actions in taking the Crown Victoria from 193 El Cerro Loop and then hiding in the bathroom cabinet when the police arrived; Defendant's presence in a vehicle containing stolen items from 193 El Cerro Loop; and Defendant's inconsistent statements to police. [2 CN 3]

{4}     In her second memorandum in opposition, Defendant continues to argue that the evidence was insufficient to support her convictions, either as an accessory or as a conspirator. [2 MIO 1-4] Notably, Defendant does not challenge the summary of evidence contained in our first and second calendar notices. Instead, she argues that the jury could only have found through speculation that she intended to commit the

crimes or that she conspired to commit the crimes. [2 MIO 2-4] We disagree. A reasonable jury could infer from the evidence presented at trial, without resorting to speculation, that Defendant intended to commit the crimes of residential burglary, larceny, and unlawful taking of a motor vehicle, especially where Defendant was located sitting in a vehicle containing stolen items from 193 El Cerro Loop, parked outside the same trailer as the stolen Crown Victoria, which she apparently followed from 193 El Cerro Loop after her daughter stole it. [1 CN 6-7; 2 MIO 2-3] *See State v. Montoya*, 2015-NMSC-010, ¶ 53, 345 P.3d 1056 (stating that circumstantial evidence is substantial evidence); *see also State v. Sosa*, 2000-NMSC-036, ¶ 9, 129 N.M. 767, 14 P.3d 32 ("Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." (internal quotation marks and citation omitted)); *State v. Carrasco*, 1997-NMSC-047, ¶ 7, 124 N.M. 64, 946 P.2d 1075 (stating that an accessory must share the criminal intent of the principal and that "[t]his intent can be inferred from behavior which encourages the act or which informs the confederates that the person approves of the crime after the crime has been committed"); *Gallegos*, 2011-NMSC-027, ¶ 45.

{5}     Accordingly, for the reasons stated herein, as well as those provided in our two notices of proposed disposition, we reverse one of Defendant's conspiracy convictions and remand to the district court to vacate and resentence, and we otherwise affirm.

4

{6}    IT IS SO ORDERED.


_____
TIMOTHY L. GARCIA, Judge


WE CONCUR:




_____
M. MONICA ZAMORA, Judge




_____
HENRY M. BOHNHOFF, Judge